THIS OPINION IS A
PRECEDENT OF THE
T.T.A.B.

**UNITED STATES PATENT AND TRADEMARK OFFICE**
Trademark Trial and Appeal Board
P.O. Box 1451
Alexandria, VA  22313-1451

MBA

Mailed:  November 13, 2008

Opposition No. 91182999

Guthy-Renker Corporation

v.

Michael Boyd

**Before Walters, Drost and Wellington, Administrative
Trademark Judges**

**By the Board:**

Pursuant to the Board's institution order of March 14, 2008, the parties were required to conduct a discovery conference in this proceeding on or before May 23, 2008. Trademark Rule 2.120(a)(1) and (a)(2).  This case now comes up for consideration of opposer's motion for sanctions, filed May 30, 2008, for applicant's failure to communicate with opposer to arrange a discovery conference or to participate in the required discovery conference; and applicant's motion to dismiss as a sanction for opposer's alleged "bad faith" prosecution, or, in the alternative, for lack of prosecution, filed September 27, 2008.

*Applicant's Motion to Dismiss*

Over two months after opposer's motion for sanctions was fully briefed, and over three months after the Board issued an order suspending this proceeding pending a decision on opposer's motion, applicant filed his motion to dismiss as a sanction for opposer's alleged bad faith prosecution or lack of prosecution. In it, applicant argues that he contacted opposer by e-mail on June 27, 2008, in an attempt to schedule the discovery conference, but that opposer did not substantively respond, despite promising to do so.

Opposer "objected to," or in the alternative, "moved to strike," applicant's motion to dismiss, arguing that it was either a prohibited surreply, and/or that it was impermissibly filed after the Board's suspension order of June 16, 2008. Opposer does not, however, dispute that it was unresponsive to applicant's communication of June 27, 2008. In response, applicant does not dispute that his motion is essentially a surreply, but contends that it is "highly pertinent to the sanctions motion," and thus that it does not violate the suspension order.

Applicant's cross-motion to dismiss is essentially a surreply, which is not permitted, and, therefore, it has not been considered. TBMP § 502.02(b) (2d ed. rev. 2004). Parties may not couch a surreply as a new motion in order to

2

avoid the prohibition on surreplies. Moreover, the motion violates the Board's suspension order of June 16, 2008, as it relates to events which occurred well after those addressed in opposer's motion for sanctions, and thus could not be "germane to" opposer's motion. Trademark Rule 2.127(d). Even if we were to consider applicant's motion on its merits, there is no basis in this record for applicant's claim that opposer's motion for sanctions constitutes "bad faith prosecution."

*Opposer's Motion for Sanctions*

In its motion, opposer asserts that it "made a good-faith effort to arrange a discovery conference with Applicant's Counsel of Record," specifically attorney Michael Kroll of Syosset, New York, who is identified as counsel of record for applicant's involved applications, Serial Nos. 77199725 and 77200216. Opposer asserts that Mr. Kroll failed to respond to two letters, sent on April 10 and May 15, 2008, and a telephone message left on May 20, 2008, through which opposer attempted to schedule the discovery conference, and requests as a sanction "extending Opposer's discovery period by the number of days past the deadline of May 23, 2008 until Applicant participates in a discovery conference with Opposer …" (emphasis in original).

In his response to opposer's motion, applicant claims that he was not contacted by opposer "due to an apparent

3

misunderstanding or miscommunication." Applicant's Response to Opposer's Motion for Sanctions p. 1. While applicant does not explain or describe the "misunderstanding or miscommunication," he appears to argue that his attorney was Edwin Schindler, not Mr. Kroll, and that opposer should have contacted Mr. Schindler. Applicant further claims that "Mr. Schindler is contacting counsel for Opposer and would expect that counsel for the parties will confer during the week of June 30, 2008, or such other mutually convenient time soon thereafter." Id. at 1-2. Applicant does not otherwise address the failure to arrange for the discovery conference prior to the deadline or substantively address opposer's motion for sanctions.

In its reply brief, opposer points out that Mr. Kroll remains applicant's attorney of record, despite applicant's filings referring to Mr. Schindler as his attorney; and claims that it "received no notice that Mr. Schindler claimed to be the attorney of record for this proceeding until June 9, 2008, well after the Motion was filed and well after the due date for the discovery conference."[1] According to opposer, "it is reasonable to infer" that even if applicant had changed counsel, "Mr. Schindler and Mr.

---

[1] While applicant's answer includes a certificate of service indicating that it was sent to opposer by e-mail and first-class mail on April 23, 2008, opposer claims that it did not receive the answer until June 9, 2008, and then only received it by an e-mail sent on that date.

Kroll would have communicated with each other regarding Opposer's correspondence pertaining to this matter."

Applicant's response to opposer's motion, like applicant's answer to the notice of opposition, was signed by Mr. Schindler.[2] Apparently, applicant now asserts that Mr. Schindler is not associated with Mr. Kroll, as Mr. Schindler's address is in Coram, New York. Mr. Schindler signed applicant's response even though: (1) Mr. Schindler has not entered an appearance in this proceeding; and (2) Mr. Kroll has not withdrawn as applicant's counsel of record.

As opposer points out, Mr. Kroll is applicant's attorney of record. TBMP § 117.03 (2d ed. rev. 2004). Applicant has never revoked his authority. See TBMP § 116.01. Applicant has never appointed Mr. Schindler as his counsel of record by either adding him to, or substituting him for, Mr. Kroll. See TBMP § 114.03. Both the applications and the answer herein list Mr. Kroll, with contact information in Syosset, New York, as attorney of record; however, the answer to the notice of opposition was signed by Mr. Schindler. The only reasonable conclusion to

---

[2] While applicant's answer is signed by Mr. Schindler, it provides contact information for Mr. Kroll at his Syosset, New York address. Applicant's response to opposer's motion, on the other hand, is signed by Mr. Schindler but does not identify Mr. Kroll, and it lists an address and phone number in Coram, New York.

draw from these facts is that Mr. Schindler is associated with Mr. Kroll, the attorney of record.

Regardless of whether Mr. Schindler may have actually contacted opposer's counsel, it is proper for opposer's counsel to correspond with and contact applicant's attorney of record. It is the responsibility of applicant and his attorney of record to enter in the application and opposition proceeding any changes in representation and correspondence address. Applicant's failures in this regard are not merely technical. Indeed, if applicant had complied with the applicable rules, he would have facilitated opposer's efforts to schedule the conference, and perhaps avoided unnecessary motions. Moreover, it is the equal responsibility of both parties to ensure that a discovery conference takes place by the assigned deadline. Trademark Rules 2.120(a)(1) and (a)(2) and 2.120(g)(1). Applicant has not demonstrated more than lackluster attempts at scheduling and conducting the required conference.

The record also indicates that opposer had contact information for both Mr. Kroll and Mr. Schindler either prior to filing its motion for sanctions or shortly thereafter and opposer admits that it had contact information for Mr. Schindler by at least as early as June 9, 2008. In fact, even after Mr. Schindler finally, and belatedly, contacted opposer, for some reason opposer did

6

not respond, despite promising to do so. If opposer was truly concerned with the merits of this proceeding and having enough time for discovery, it should have at least attempted to mitigate the prejudice it allegedly suffered as a result of applicant's delay. In other words, opposer is not entirely blameless and could have conceivably facilitated a resolution of the parties' problems in scheduling a discovery conference, including by requesting the Board's participation in the discovery conference, Trademark Rule 2.120(a)(2), which may have eliminated the need to file a motion. Therefore, we DENY opposer's motion for sanctions in the form of extending discovery for opposer alone.

The Board has adopted the practice of discovery conferences to avoid needless disputes and motions and to facilitate a smooth and timely conclusion to Board proceedings. Therefore, because of the parties' inability to effectively communicate in this proceeding to date, the parties are hereby ordered as follows:

(1) No later than **December 3, 2008**, applicant shall file with the Board, and serve by first-class mail on opposer, an appointment of attorney in this proceeding, indicating the name of counsel and a single address and telephone number at which applicant's appointed attorney may be reached.

(2)  If either party is amenable to service in this proceeding by electronic transmission, it must so notify the other party in writing by first class mail.[3]  In the absence of such a notification, all service herein must be by first class mail. The parties have not mutually agreed to anything in this case, much less service by electronic transmission.

(3) The parties must hold the required discovery conference on or before **December 14, 2008**, by which time applicant's counsel will have been identified.  The Board will not extend the time for the discovery conference, absent extraordinary and meticulously detailed circumstances.

Proceedings herein are resumed.  Dates are reset as follows:

| | |
|---|---|
| Deadline for Identification of Applicant's Counsel | **December 3, 2008** |
| Deadline for Discovery Conference | **December 14, 2008** |
| Discovery Opens | **December 14, 2008** |
| Initial Disclosures Due | **January 13, 2009** |
| Expert Disclosures Due | **May 13, 2009** |
| Discovery Closes | **June 12, 2009** |
| Plaintiff's Pretrial Disclosures | **July 27, 2009** |

---

[3] Applicant purportedly served his answer, opposition to opposer's motion for sanctions and reply brief in support of applicant's motion to dismiss by e-mail.  This was improper, because service by electronic transmission is only permitted "when mutually agreed upon by the parties."  Trademark Rule 2.119(b)(6).

Opposition No. 91182999

| | |
|---|---|
| Plaintiff's 30-day Trial Period Ends | **September 10, 2009** |
| Defendant's Pretrial Disclosures | **September 25, 2009** |
| Defendant's 30-day Trial Period Ends | **November 9, 2009** |
| Plaintiff's Rebuttal Disclosures | **November 24, 2009** |
| Plaintiff's 15-day Rebuttal Period Ends | **December 24, 2009** |

News from the TTAB

The USPTO published a notice of final rulemaking in the Federal Register on August 1, 2007, at 72 F.R. 42242.  By this notice, various rules governing Trademark Trial and Appeal Board inter partes proceedings are amended.  Certain amendments have an effective date of August 31, 2007, while most have an effective date of November 1, 2007.  For further information, the parties are referred to a reprint of the final rule and a chart summarizing the affected rules, their changes, and effective dates, both viewable on the USPTO website via these web addresses:
http://www.uspto.gov/web/offices/com/sol/notices/72fr42242.pdf
http://www.uspto.gov/web/offices/com/sol/notices/72fr42242_FinalRuleChart.pdf

By one rule change effective August 31, 2007, the Board's standard protective order is made applicable to all TTAB inter partes cases, whether already pending or commenced on or after that date.  However, as explained in the final rule and chart, this change will not affect any case in which any protective order has already been approved or imposed by the Board.  Further, as explained in the final rule, parties are free to agree to a substitute protective order or to supplement or amend the standard order even after August 31, 2007, subject to Board approval.  The standard protective order can be viewed using the following web address:
http://www.uspto.gov/web/offices/dcom/ttab/tbmp/stndagmnt.htm

***